# EXHIBIT A

# ONLINE COURT RECORDS SEARCH
Billy Washington, Clerk of the Circuit Court and Comptroller



MADISON COUNTY    OCRS

New Search    Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 402020CA000029CAAXMX [2020000029CAAXMX] | 05/11/2020 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/11/2020 | OTHER-DISCRIMINATION EMPLOYMENT/OTHER | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| OLIN, MELISSA GATES | JUDGE | | |
| BROCK, MICHELLE   Search This Party | PLAINTIFF | MATTOX, MARIE A | 739685 |
| MHM HEALTH PROFESSIONALS LLC   Search This Party | DEFENDANT | | |

## Dockets

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 9 | 05/12/2020 | Active Process SUMMONS | |
| | 8 | 05/12/2020 | Judge: OLIN , MELISSA G Assigned | |
| | 4 | 05/12/2020 | Payment received: $410.00 Receipt Number MX 2020004571 | |
| | 3 | 05/12/2020 | Assessment 1 Total Assessed $410.00 Balance Remaining $0.00 | |
| | 7 | 05/11/2020 | ISSUED SUMMONS | 1 |
| | 6 | 05/11/2020 | COMPLAINT FOR DISCRIMINATION ACTION | 8 |
| | 5 | 05/11/2020 | CIVIL COVER SHEET | 2 |
| | 2 | 05/11/2020 | Assessment 1 assessed at sum $410.00 | |
| | 1 | 05/11/2020 | Case 402020CA000029CAAXMX Filed with Clerk on 5/11/2020 | |

## Judge Assignment History

## Court Events

## Financial Summary

## Reopen History

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

Filing # 107333290 E-Filed 05/11/2020 09:45:45 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT,
IN AND FOR MADISON COUNTY, FLORIDA

Case No.: _____
Judge: _____

MICHELLE BROCK
Plaintiff
vs.
MHM HEALTH PROFESSIONALS LLC fka MHM HEALTH PROFES
Defendant

**II.  AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $75,000

**III. TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

Electronically Filed Madison Case # 2020000029CAAXMX 05/11/2020 09:45:45 PM

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>
             Attorney or party
FL Bar No.: <u>739685</u>
             (Bar number, if attorney)
             <u>Marie A Mattox</u>
             (Type or print name)
     Date: <u>05/11/2020</u>

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR MADISON COUNTY, FLORIDA

MICHELLE BROCK,

    Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC.
f/k/a MHM HEALTH PROFESSIONALS, INC.,

    Defendant.
_____/

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, MICHELLE BROCK, hereby sues Defendant, MHM HEALTH PROFESSIONALS, LLC. f/k/a MHM HEALTH PROFESSIONALS, INC., and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.    At all times pertinent hereto, Plaintiff, MICHELLE BROCK, has been a resident of Georgia and employed by Defendant in Madison County, Florida. Plaintiff is a member of a protected class because of her race (African American) and because she reported unlawful employment practices and was subject to retaliation thereafter.

4.    At all times pertinent hereto, Defendant, MHM HEALTH PROFESSIONALS, LLC. f/k/a MHM HEALTH PROFESSIONALS, INC., has been organized and existing under the

laws of Florida as a foreign corporation conducting its regular business at various locations in Florida including its place of business in Madison County where it employed Plaintiff. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff began her employment with Defendant on or about October 8, 2018, and held the position of Mental Health Professional at the time of her wrongful termination on April 12, 2019. Defendant is located inside of the Madison Correctional Institution, and provides mental health services to the all-male inmate population.

7.     Plaintiff was subjected to frightening work conditions. She repeatedly had to stop mental health services and have inmates removed because they would masturbate in front of her.

8.     Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race, and because she reported Defendant's unlawful employment activities and was subjected to retaliation thereafter.

9.     The disparate treatment and retaliation came at the hands of specifically but not limited to I.T. Employee Paul Barrs and Regional Director Tamara Taylor.

10. In the fall of 2018, Paul Barrs, a white male employee of Defendant, pulled the Plaintiff's name badge off of her chest, which was unwanted touching that made her uncomfortable. However, because she feared retaliation, she did not report the incident.

11. On April 8, 2018, Barrs, who works in Defendant's I.T. department, came into the Plaintiff's office to inquire about a missing blue computer cord. She did not know where the cord was, and Barrs became enraged, yelling and screaming without cause, shocking Plaintiff.

12. Plaintiff insisted on being treated respectfully like the rest of the employees. However, Barrs stormed off and threatened to take her computer while shouting that he was going to the Director.

13. Barr demanded that Regional Director Tamara Taylor take some sort of action against Plaintiff. Thereafter, Taylor approached Plaintiff and treated her as the instigator and did not show any concern for her maltreatment by Barrs.

14. Plaintiff was told to calm down while she was trying to explain the situation and was suspended for three days. White employees, including without limitation Dr. Katie Daly, receive much fairer treatment when exhibiting similar behavior to Plaintiff.

15. Taylor told Plaintiff she was being suspended because she would not calm down, although witnesses can corroborate that the Plaintiff was not being unreasonable. Although Barrs initiated the attack and exhibited unprofessionalism in the workplace, he was never told to calm down and was allowed to leave the scene while supervisors questioned Plaintiff.

16. Barrs was not suspended or terminated and was only made to take online performance training as a result of his attack.

17. Plaintiff has never received a written warning or reprimand during her time of employment and has never been fired from another job. White employees were treated more favorably and therefore it can be inferred that the differential treatment was due to her race.

18. While on this unwarranted suspension, on or about April 11, 2019, Plaintiff notified Defendant via email that there was a pervasive workplace bias against minorities and that she felt targeted when the Defendant refused to hear and accept her description of the incident, while immediately accepting the white male employee's version of the incident.

19. On April 12, 2019, one day after reporting Defendant's disparate treatment of minorities, she was terminated with no written explanation. Defendant told Plaintiff she was being terminated for unprofessionalism despite white employees receiving progressive discipline for their similar or worse unprofessional behavior.

20. One such former employee, Michelle Fortier, was accused of unprofessionalism several times but was given multiple chances and warnings over her eight (8)-year employment. Another white employee, Dr. Katie Daly, was absent eight (8) times in her first ninety (90) days, and screamed at a discharge re-entry manager right in front of supervisors. Daly was given multiple warnings and chances for her unprofessionalism, unlike the Plaintiff.

21. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT 1
## RACE DISCRIMINATION

22. Paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

23. This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

4

24. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to disparate treatment, at least in part, of Plaintiff's race.

25. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

26. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

27. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

28. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's suspension and termination on contrived allegations.

29. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

30. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These

5

damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## RETALIATION – Chapter 760

31. Paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

32. Defendant is an employer as that term is used under the applicable statutes referenced above.

33. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

34. The foregoing unlawful actions by Defendant were purposeful.

35. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

36. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

37. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

6

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 11th day of May 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

Filing # 107333290 E-Filed 05/11/2020 09:45:45 PM

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR MADISON COUNTY, FLORIDA

MICHELLE BROCK,

CASE NO.: 20-CA- **29**
FLA BAR NO.: 0739685

Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC.
f/k/a MHM HEALTH PROFESSIONALS, INC.,   **SUMMONS**

Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

MHM HEALTH PROFESSIONALS, LLC
C/O C T CORPORATION SYSTEM – REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

Each defendant is required to serve written defenses to the complaint or petition on Marie A. Mattox, P. A., Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on __May 12,__ 2020.

CLERK OF THE CIRCUIT COURT

By: _____